Joselito Barcelon **BALTAZAR**; Bella Encarnacion Baltazar; John Jessy Encarnacion Baltazar, Petitioners,

v.

Michael B. **MUKASEY**,\* Attorney General, Respondent.

No. 05–76111.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Dec. 28, 2007.

Vinay R. Chari, Esq., Law Offices of Virender Kumar Goswami, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Helen J. Brunner, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM \*\*\*

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provid-

Joselito Barcelon Baltazar and family, natives and citizens of the Philippines, petition for review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence. *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). We deny the petition for review.

For the asylum claim, substantial evidence supports the IJ's conclusion that Baltazar's experiences in the Philippines did not amount to past persecution. *See id.* Further, the evidence of a secondhand threat, made twenty years ago, does not compel a finding that future persecution is an objectively reasonable possibility. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1153–54 (9th Cir.2005).

Failure to meet the standard for asylum necessarily precludes Baltazar from establishing eligibility for withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

We also uphold the BIA's denial of Baltazar's claim for relief under CAT because Baltazar has not established that if removed he would more likely than not be tortured or that torture would be inflicted with the consent or acquiescence of the government of the Philippines. *See* 8 C.F.R. § 208.16(c); *Zheng v. Ashcroft,* 332 F.3d 1186, 1188, 1194 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

ed by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.